IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

REGINALD DUNAHUE,                                                                           PLAINTIFF
ADC # 106911

v.                                       4:24CV00227-BRW-JTK

MOSES JACKSON, et al.                                                                    DEFENDANTS

## ORDER

Reginald Dunahue's ("Plaintiff") Motion to Correct (Doc. No. 8) is GRANTED.

On March 8, 2024, Plaintiff submitted to this Court a document titled "Petition" along with a supplement. (Doc. Nos. 2, 3). The Court interpreted the documents as a Complaint, opened a civil case for the matter, and assigned it a case number. At the same time he filed submitted his "Petition," Plaintiff also submitted a Motion for Leave to Proceed In Forma Pauperis, which the Court granted. (Doc. Nos. 1, 4). Upon screening Plaintiff's allegations pursuant to the Prison Litigation Reform Act, the Court asked Plaintiff to submit an Amended Complaint to cure defects in his pleading. (Doc. No. 5). In response, Plaintiff filed his Motion to Correct. (Doc. No. 8).

In his Motion, Plaintiff maintains that the two documents he initially submitted (Doc. Nos. 2, 3) should not have been interpreted as a Complaint, but as a Petition, just as the first document was titled. (Doc. No. 8 at 1). Plaintiff asks the Court to "cancel docket # 4:24cv00227." (Id.). He says his documents "should've been viewed as a petition" and asks "Chief Judge the case # 4:24-cv-00227 please void/cancel." (Id. at 2).

The caption "Reginald Dunahue . . . v. Arkansas Prison Warden, Moses Jackson, et al." appears at the top of the Petition Plaintiff filed along with his Motion for Leave to Proceed In Forma Pauperis. (Doc. No. 2 at 1). Plaintiff indicated that the document was a "cause of civil right violation Complaint." (Id. at 2). In the document, Plaintiff names individuals and alleges

violations of his constitutional rights. (Id. at 2). Plaintiff refers to the individuals named in the document as "Defendants." (Id. at 3, for example). Plaintiff provided a statement of facts and identified the relief he seeks. (Id. at 3-6, 8). Plaintiff also submitted a supplement asking the Court to "compel all of the above named defendants to stop blocking/refusing me access to the news media . . . ." (Doc. No. 3 at 1). Plaintiff included additional allegations in his Supplement. (Id. at 1-4). While the document Plaintiff submitted was titled "Petition," it had all the makings of a complaint.

Rule 3 of the Federal Rules of Civil Procedure makes clear that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. The Court cannot begin a case without a document that serves as a complaint. On April 15, 2024, Plaintiff filed a Complaint—roughly one month after Plaintiff submitted his Petition. (Doc. No. 9). The Court will, nonetheless, interpret Plaintiff's Complaint as the operative pleading in this case. (Id.). The Court has changed the docket to reflect docket entry numbers 2 and 3 are a Petition and supplement to Petition, respectively.

If Plaintiff intends to file any lawsuit in the future, he must file his Complaint first. The Court cannot consider a motion for injunctive relief without an underlying complaint.

The Clerk of the Court is directed to send Plaintiff a copy of the docket sheet in this case along with a copy of this Order.

IT IS SO ORDERED this 16th day of April, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE