IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

REGINALD DUNAHUE,                                                           PLAINTIFF
ADC # 106911

v.                                     4:24CV00227-BRW-JTK

MOSES JACKSON, et al.                                                    DEFENDANTS

**ORDER**

Reginal Dunahue ("Plaintiff") is in custody at the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"). He filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 9) and a Motion to Proceed in forma pauperis ("IFP Motion"), which was granted. (Doc. Nos. 1, 4). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

I.      **Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.     Discussion**

    **A.     Plaintiff's Complaint (Doc. No. 9)[1]**

In his Complaint, Plaintiff named as Defendants Warden Moses Jackson, Major Tyrone Allison, Arkansas Division of Correction ("ADC") Director Dexter Payne, Sergeant Stephanie Palmer, Deputy Director William Straughn, and Arkansas Governor Sarah Sanders (collectively, "Defendants") in their personal and official capacities. (Doc. No. 9 at 1, 3). Plaintiff's claims in this case arise from allegedly unlawful conditions of confinement, violations of Plaintiff's First Amendment rights, and retaliation, among other allegations.

Plaintiff alleges that since October 24, 2022, Defendants have: forced him to inhale smoke; kept him in a cell 24-hours a day because he "challenge[s], report[s], & air[s] the actions of the Defendants"; denied him equal protection; punished and tortured him because he exercised his First Amendment rights; subjected him to unlawful conditions of confinement; blocked his ability to contact news stations and newspaper companies; denied Plaintiff daily showers and daily

---

[1] The Court notes that Rule 3 of the Federal Rules of Civil Procedure provides: "A civil action is commenced by filing a complaint with the court." Because the Complaint was filed on April 15, 2024, that is the date this case commenced.

2

outside exercise; denied Plaintiff the right to shave at least three out of seven days; and caused Plaintiff "bodily and mental anguish and . . . anger & hatred." (Id. at 2, 9).

Plaintiff goes on to allege more specifically that Defendants Payne, Straughn, and Jackson have denied him "one or two hours outside Monday through Sunday, shaving razors & nail clippers, eating spoons & forks, a clean & sanitary cell and surroundings also." (Id. at 5).

Plaintiff asserts that he is forced to inhale smoke from illegal drugs that are smoked in the prison. (Id.). He says he has written more than 390 complaints and has given 90% of the complaints to "the AR. Governer's Office & U.S. Dep't. of Justice in Washington, DC. & AR. Fire Marshal. They are complaints addressed by & rejected by" Defendants Jackson and Straughn. (Id.). Additionally Plaintiff alleges Defendant Jackson placed him in segregation in retaliation for Plaintiff's filing of an earlier lawsuit. (Id. at 6). And, according to Plaintiff, Defendants "are refusing to let [him] call out to news stations so to report the deaths and the murder a[n] inmate . . . ." (Doc. No. 9 at 6). Plaintiff also alleges that Defendant Allison stole petitions Plaintiff and other inmates wrote asking "them to order criminal investigations into the deaths of inmates at Brickeys facility," and did not provide Plaintiff "U.S. law books and stationary supplies." (Id.). Plaintiff grieved these issues but says Defendants Straughn and Jackson did not resolve the situation. (Id.).

Some of Plaintiff's allegations arose from incidents that occurred while he was housed at the Tucker Unit of the ADC. (Id. at 7). He claims Defendants Sanders, Payne, and Straughn prevented him from mailing news of ADC fraud to the IRS and the FBI, as evidenced by Warden Culclager's—not a party to this action—threats to Plaintiff and the start of a Step Down Program at the Tucker Unit. (Id.). Plaintiff also says Culclager and James Shipman—also not a named

Defendant—punished Plaintiff by transferring him to the East Arkansas Regional Unit because Plaintiff "reported the sexual impropriety by Mr. Culclager." (Id.).

Plaintiff complains that there have been three instances of inmate-on-inmate murder at the EARU's segregation block since October 24, 2022, and that illegal drugs play a large part in the violence. (Doc. No. 9 at 7, 9). Plaintiff alleges that ADC officials themselves bring the drugs in to the Unit. (Id. at 7). He says Defendants Payne and Straughn allow Defendant Jackson and others "to supply inmates illicit drugs that shuts down their brains . . . ," in addition to the Unit being "filthy, unsanitary, and polluted with illicit drugs." (Id. at 8). Defendants refuse to let Plaintiff contact the media about these issues.

Additionally, Plaintiff complains that he now has a "6 foot long thin blue gun case" instead of a mattress. (Id.). And, according to him, the EARU is overcrowded with inmates who cannot make parole because Defendants Payne and Sanders deny all inmates the chance to earn class #2. (Id.). Again, Defendants do not allow Plaintiff to contact the media about these issues.

### B. Properly Joined Defendants and Claims

A plaintiff may bring multiple, unrelated claims in a case against one single defendant. FED. R. CIV. P. 18(a). And a plaintiff may sue multiple defendants in one lawsuit. But when a plaintiff sues multiple defendants in one case, certain rules apply. Rule 20 of the Federal Rules of Civil Procedure governs permissive joinder of parties. FED. R. CIV. P. 20. Under Rule 20, defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2)(A)-(B). "[A]ll 'logically related' events entitling a person to institute a

legal action against another generally are regarded as comprising a transaction or occurrence." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) (internal citation omitted). "On motion or on its own, the court may at any time, on just terms, add or drop a party" when defendants are not properly joined. FED. R. CIV. P. 21.

Plaintiff's Complaint contains multiple claims against multiple Defendants. Not all Defendants are properly joined in this action. For example, it is not clear how Plaintiff's claims against law library manager Allicia Allison arise out of the same occurrence and share a question of law or fact common to all other Defendants. Plaintiff should limit this action to Defendants and claims that are properly joined. The Court will give Plaintiff the chance to file an Amended Complaint and choose which claims he wishes to pursue in this case.

Plaintiff should note that Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim . . . ." FED. R. CIV. P. 8(a)(2). Additionally, Plaintiff should explain the relief he seeks.

**C.    Amended Complaint**

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff must submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each**

**Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I may recommend that certain claims in his original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2); FED. R. CIV. P. 21.

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I may recommend that certain claims in his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2); FED. R. CIV. P. 21.

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 23rd day of April, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE