# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

REGINALD DUNAHUE,                                                         PLAINTIFF
ADC # 106911

v.                                                  4:24CV00227-BRW-JTK

MOSES JACKSON, et al.                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

**I.    Introduction**

Reginald Dunahue ("Plaintiff") is incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"). On April 23, 2024, the Court found that Plaintiff's Complaint contained claims against Defendants who were not all properly joined in this lawsuit. (Doc. No. 14 at 5). The Court gave Plaintiff the chance to file an Amended Complaint including only the properly-joined claims he wished to pursue in this action. (Id.). The Court specifically advised Plaintiff that in his Amended Complaint, he should "provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible." (Id.).

Plaintiff has filed his Amended Complaint. (Doc. No. 17). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirement).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Discussion

In his Amended Complaint, Plaintiff sued Arkansas Governor Sarah Sanders, ADC Director Dexter Payne, Warden Moses Jackson, Deputy Director William Straughn, Sergeant

Stephanie Palmer, and Mayor Tyrone Allison in their personal and official capacities. (Doc. No. 17 at 1-2). Plaintiff alleges that Defendants Payne, Straughn, and Jackson have "vindictively held [him] inside East Ark. so called Max as a means to punish [him] for exercising his 1st Amendment Right." (Id. at 4). Plaintiff also alleges that all Defendants subjected him to unlawful conditions of confinement, violated his equal protection rights, and violated his First Amendment right to contact the press. (Id. at 4-8). Plaintiff seeks damages and injunctive relief. (Id. at 8).

### A.    Defendants Richardson, A. Allison, and Taylor

In his Complaint (Doc. No. 9), Plaintiff named Michael Richardson, Allicia Allison, and S. Taylor as defendants in his complaint. Plaintiff did not name these individuals as defendants in his Amended Complaint. (Doc. No. 17). Plaintiff was advised that a superseding Amended Complaint would render his Complaint without legal effect. (Doc. No. 14 at 5). Because Plaintiff did not name Richardson, A. Allison, or S. Taylor as defendants in his Amended Complaint, there are no claims pending against these individuals.

### B.    Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities seeking damages, among other relief. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity damages claims Defendants are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### C.     Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

Plaintiff seeks to make a retaliation claim against Defendants Payne, Straughn, and Jackson.  (Doc. No. 17 at 4).   He alleges these Defendants kept him in EARU Max as punishment for him exercising his First Amendment rights.  (Id.).   But Plaintiff does not explain which First Amendment rights he exercised or when.  He also doesn't provide facts establishing any retaliatory animus—crucial to a retaliation claim—on the part of Defendants Payne, Straughn, or Jackson.  See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996); Antonelli v. Tipton, Case No. 08-3123, 2009 WL 4825169 at *904 (8th Cir. Dec. 16, 2009) (per curiam).   As currently pled, Plaintiff's allegations fail to state a retaliation claim on which relief may be granted.

Plaintiff also claims all Defendants subjected him to unlawful conditions of confinement, violated his equal protection rights, and violated his rights under the First Amendment.  (Doc. No. 17 at 4-8).   Plaintiff's allegations are conclusory.   He provides no specific allegations against any Defendant in connection with these claims, despite the Court's instruction to provide specific factual allegations against each named Defendant.   As set out above, liability under § 1983 is based on an individual's own actions.   Because Plaintiff made his allegations against "all" Defendants without explaining which Defendant acted in which way, there is no way for the Court

4

to determine any Defendant's allegedly unlawful actions. Plaintiff's allegations fail to state a personal capacity claim on which relief may be granted. As a result, Plaintiff's remaining claims for injunctive relief against Defendants in their official capacity also fail.

Plaintiff's Amended Complaint should be dismissed without prejudice.

### IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 6th day of June, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."